**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CARLENE HENRY and EVERSON FRANCIS,** <br> **Plaintiffs,** <br> **v.** <br> **UBER, *et al*.,** <br> **Defendants.** | **Civil Action No. 23-22053 (ES) (ADS)** <br> **OPINION** |

**SALAS, DISTRICT JUDGE**

Before the Court are three motions to dismiss *pro se* plaintiffs Carlene Henry's and Everson Francis's ("Plaintiffs") Complaint, (D.E. No. 1 ("Compl." or "Complaint")): (i) Defendant Geico Insurance's ("Geico") motion to dismiss, (D.E. No. 54 ("Geico Motion" or "Geico Mot.")); (ii) Defendants Drive New Jersey and Progressive Insurance's[1] motion to dismiss, (D.E. No. 55 ("Drive N.J. Motion" or "Drive N.J. Mot.")); and (iii) Defendant Douglas Gregg's motion to dismiss, (D.E No. 72 ("Gregg Motion" or "Gregg Mot.")). The Court refers to Defendants Geico, Drive New Jersey, and Progressive Insurance collectively as the "Insurance Defendants." The Court refers to the Insurance Defendants and Gregg collectively as the "Moving Defendants," and their motions, (D.E. Nos. 54, 55, and 72), as the "Motions."[2]

[1] According to Drive New Jersey and Progressive Insurance's moving brief, "[t]here is no such legal entity known as 'Progressive Insurance' which is authorized to provide automobile liability insurance in this State . . . . The proper party in interest is 'Drive New Jersey Insurance Company.'" (D.E. 55-2 at 2). For the purposes of this Opinion, the Court refers to Drive New Jersey as synonymous with Progressive Insurance.

[2] Defendants Uber, William T. Warren, and Does 1 to 100 (collectively the "Nonmoving Defendants") did not join the Motions or otherwise respond to the Complaint. (*See generally* Compl.). Indeed, it is unclear from the docket whether Plaintiffs served the Nonmoving Defendants. For the sake of clarity, none of the rulings herein apply to the Nonmoving Defendants.

The Court has carefully considered the parties' submissions in connection with the Motions, as well as the balance of the record, and decides these matters without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons stated herein, the Insurance Defendants' Motions are **GRANTED** in part for lack of subject matter jurisdiction and **DENIED AS MOOT** in part as to all remaining claims. Gregg's Motion is **DENIED AS MOOT**. Plaintiffs' Complaint is **DISMISSED** *without prejudice.*

## I. BACKGROUND[3]

This action arises from a motor vehicle accident that occurred on January 9, 2022, in Orange, New Jersey. (Compl. ¶ 1). Plaintiffs allege that Plaintiff Henry was a passenger in Gregg's vehicle, which he was operating as a driver for Defendant Uber, when that vehicle and Defendant William T. Warren's vehicle collided.[4] (*Id.* at 3,[5] ¶¶ 1–2). Plaintiffs are residents of Florham Park, New Jersey. (*Id.* at 1, 5).

On November 7, 2023, Plaintiffs initiated this action. (*Id.* at 1). In the Complaint, it appears Plaintiffs assert the following causes of action: Deceptive Trade Practices, (*id.* ¶¶ 65–66); Unjust Enrichment, (*id.* ¶¶ 67, 90); Conversion, (*id.* ¶¶ 68, 87); Breach of Contract (*id.* ¶¶ 69, 71, 73); Breach of the Covenant of Good Faith and Fair Dealing, (*id.* ¶¶ 69, 83); Negligence, (*id.* ¶ 72); Egregious Conduct, (*id.* ¶ 74); Intentional Inference of Economic Advantage, (*id.* ¶ 76); False Light, (*id.* ¶ 77); Defamation, (*id.* ¶ 78); Intentional Infliction of Emotional Distress, (*id.* ¶ 79); Promissory Estoppel, (*id.* ¶ 80); Respondeat Superior, (*id.* ¶ 87); Negligent Hiring, Training and

---

[3] For purposes of these Motions, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiffs. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis added).

[4] The Complaint contains no allegations regarding Plaintiff Francis's involvement in the car accident, nor any injuries he may have sustained.

[5] All citations to page numbers in Plaintiffs' Complaint refer to the page numbers generated by the CM/ECF system.

Supervision, (*id.* ¶ 82); Intrusion into Seclusion, (*id.* ¶ 84); Abuse of Process, (*id.* ¶ 85); Negligent Infliction of Emotional Distress, (*id.* 86); Fraudulent Misrepresentation, (*id.* ¶ 88); Negligent Misrepresentation, (*id.* ¶ 90); Breaches of Express and Implied Warranties, (*id.* ¶¶ 91–93); and Conspiracy and Fraud in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, (*id.* ¶ 94).

Geico's Motion is fully briefed, with Plaintiffs seemingly filing three separate opposition briefs, (D.E. Nos. 59, 61, & 66), and Geico filing a reply, (D.E. No. 69). (D.E. No. 54-3 ("Geico Mov. Br.")). Drive New Jersey's Motion is fully briefed, with Plaintiffs filing two briefs in opposition, (D.E. Nos. 64 & 65), and Drive New Jersey filing two reply briefs, (D.E. Nos. 67 & 68). (D.E. No. 55-2 ("Drive N.J. Mov. Br.")). However, Plaintiffs have failed to respond to Gregg's motion, (D.E. 72-1 "Gregg Mov. Br.")), and their time to file any opposition has long since run.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Federal courts have limited jurisdiction and may adjudicate cases and controversies only as permitted under Article III of the Constitution. *See* U.S. Const. art. III, § 2; *see also Phila. Fed'n of Teachers v. Ridge*, 150 F.3d 319, 322–23 (3d Cir. 1998) ("The existence of a case and controversy is a prerequisite to all federal actions, including those for declaratory or injunctive relief."). Unless affirmatively demonstrated, a federal court is presumed to lack subject matter jurisdiction. *See Ridge*, 150 F.3d at 323 (citing *Renne v. Geary*, 501 U.S. 312, 316 (1991)). The party seeking to invoke federal jurisdiction has the burden of persuasion to establish subject-matter jurisdiction. *See Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)). Under Federal Rule of Civil

Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

"Rule 12(b)(1) governs jurisdictional challenges to a complaint." *Otto v. Wells Fargo Bank, N.A.*, No. 15-8240, 2016 WL 8677313, at *2 (D.N.J. July 15, 2016). "When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, No. 12-3922, 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (quoting *In re Corestates Tr. Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993)).

A motion to dismiss under Rule 12(b)(1) "attacks . . . the right of a plaintiff to be heard in Federal court." *Kurtzman*, 45 F. Supp. 2d at 428. When ruling on such a motion, a distinction must be made between a facial and factual attack. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). If the motion is limited to a facial attack, "the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). On the other hand, when the Rule 12(b)(1) motion involves a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891.

Here, the Court finds that it can resolve the subject matter jurisdiction issue based solely on the face of the Complaint.

**B. Rule 12(b)(6)**

"Rule 12(b)(6) requires a district court to dismiss a complaint if it fails to state a cognizable legal claim." *Ulferts v. Franklin Res., Inc.*, 554 F. Supp. 2d 568, 572 (D.N.J. 2008). To withstand

a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"When reviewing a motion to dismiss, all allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). But "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. Additionally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

Finally, courts must construe complaints liberally in favor of a *pro se* plaintiff. *See Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("Our policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training."). That said, the Court is not required "to credit bald assertions or legal conclusions: '[p]ro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Tucker v. Univ. of Science, Arts &*

*Tech., College of Medicine*, No., 2025 WL 1384313, at *1 (D.N.J. May 12, 2025) (alteration in original) (quoting *Griffin v. State Dep't of Human Servs.*, No. 18-14697, 2019 WL 3369783, at *2 (D.N.J. Jul. 26, 2019)). "Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Griffin*, 2019 WL 3369783, at *2.

## III. DISCUSSION

For the reasons set forth below, the Court finds Plaintiffs' Complaint must be dismissed for lack of subject matter jurisdiction.

### A. Subject Matter Jurisdiction

The Insurance Defendants' move to dismiss pursuant to Rule 12(b)(1) on the grounds that this Court lacks subject matter jurisdiction over Plaintiffs' claims. (Geico Mov. Br. at 11–12); (Drive N.J. Mov. Br. at 7–15). "In order to have subject matter jurisdiction, a District Court must be able to exercise either federal question jurisdiction or diversity jurisdiction." *Trinh v. Off. of Recs. Phila.*, 779 F. App'x 118, 119–20 (3d Cir. 2019) (citing 28 U.S.C. §§ 1331, 1332).

#### i. Diversity

Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the dispute is between "citizens of different States." Jurisdiction under this statute requires "complete diversity of citizenship," and is not available when any plaintiff is a citizen of the same state as any defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 266 (1978); *see also Velger v. Carr*, 532 F. App'x 134, 135 (3d Cir. 2013). "Citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *McCann v. Newman*

*Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (citations and internal quotation marks omitted). Courts determine whether complete diversity exists by examining the citizenship of all the parties at the time the complaint was filed. *Midlantic Nat. Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995).

Here, Plaintiffs fail to meet their burden of establishing diversity of citizenship. In the Complaint, Plaintiffs state that they both reside at 105 Sun Valley Way, Florham Park, New Jersey 07932. (Compl. at 1, 5). The Complaint also alleges that Defendant Warren resides in Jersey City, New Jersey. (*Id.* at 2). Put differently, Plaintiffs and Defendant Warren are domiciled in New Jersey. (Compl. at 1–2, 5); *McCann*, 458 F.3d at 286. Because Plaintiffs and Defendant Warren are all citizens of New Jersey, there is no diversity of citizenship, and consequently, no basis for subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. *See Nero v. St. Joseph's Reg'l Med. Hosp.*, No. 15-00120, 2015 WL 5306022, at *2 (D.N.J. Sept. 10, 2015).[6]

**ii. Federal Question**

Next, the Court turns to whether Plaintiffs have established federal question jurisdiction under 28 U.S.C. § 1331, which states, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "For federal jurisdiction to attach to state law claims, a substantial, disputed question of federal law must be a necessary element of a well-pleaded state claim." *Kalick v. United States*, 35 F. Supp. 3d 639, 645 (D.N. J. 2014) (first citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); and then citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)), *aff'd*, 604 F. App'x 108 (3d Cir. 2015). "A conclusory allegation of federal

---

6 In light of the Court's disposition, the Court need not address whether Plaintiffs' Complaint meets the amount-in-controversy requirement of § 1332(a)(1).

question jurisdiction, untethered to some plausible federal statutory or constitutional basis, does not suffice to confer subject matter jurisdiction." *Id.* at 646.

Throughout the Complaint, Plaintiffs allege that Defendants engaged in various forms of misconduct, with claims sounding in contract and tort law. (*See generally* Compl.). There is only one mention of federal law in the Complaint: an allegation of conspiracy and fraud in violation of RICO, 18 U.S.C. § 1962.[7] (*Id.* ¶ 93–94). Plaintiffs allege the following with respect to RICO:

> Defendants engaged in a conspiracy to defraud by collectively agreeing to conceal the presence, adverse and illegal and outrageous behaviour [sic] of their employees and illegal investigative method being committed against the public and against plaintiff, which include to ignore, cover up, and deny etcetera claims that will result in plaintiffs claims to be unjustly and unfairly denied or settled for less than the damages warrants. Defendant formed a business cartel secretly. The defendants help each other in performing these outrageous and illegal acts, as a result of this collective action to defraud the public, and plaintiffs.

(*Id.* ¶ 94). Plaintiffs, however, do not specify which part of § 1962 Defendants have purportedly violated.

In order to state a civil cause of action under RICO, a plaintiff's "complaint must adequately set forth the following elements . . . : (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Poling v. K. Hovanian Enterps.*, 99 F. Supp. 2d 502, 507 (D.N.J. 2000) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). "[P]laintiffs must allege that they have been injured in their business or property as a result of the alleged racketeering activity." *Id.*; *see also Twp. of Marlboro v. Scannapieco*, 545 F. Supp. 2d 452, 458 (D.N.J. 2008) (noting that limiting the RICO injury requirement "helps to assure that RICO is not

---

[7] At the start of the Complaint, Plaintiffs identify "Title 3 of the ADA" as a basis for federal jurisdiction. (Compl. at 2). The ADA is not mentioned again across the body of the Complaint. To the extent that isolated reference is not simply a typo, the Court finds that this statement is nothing more than a "conclusory allegation . . . untethered to some plausible federal statutory or constitutional basis," and thus "does not suffice to confer subject matter jurisdiction." *Kalick*, 35 F. Supp. 3d at 646.

expanded to provide a federal cause of action and treble damages to every tort plaintiff, and focuses the inquiry of injury to the plaintiff's financial position[,]" particularly highlighting that a plaintiff "must proffer 'proof of a concrete financial loss and not mere injury to a valuable intangible property interest'" (quoting *Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir. 2000))).

Put simply, even construing the Complaint in the light most favorable to Plaintiffs, the Court finds that Plaintiffs' RICO allegations are vague and conclusory, and thus do not plausibly state a claim for which relief can be granted. *See Tucker*, 2025 WL 1384313, at *1. There are no factual allegations describing what any defendant allegedly did, let alone how their actions may rise to the level of "racketeering activity" under RICO. Nor have Plaintiffs alleged any facts demonstrating the requisite injury to their "business or property." *See id.* At most, Plaintiffs allege basic money damages, which do not reach the level required for injury to business or property under RICO. *See Twp. of Marlboro*, 545 F. Supp. 2d at 458. Plaintiffs' RICO claim amounts to nothing more than "naked assertion[s] devoid of further factual enhancement," and is, therefore, facially deficient. *Iqbal*, 556 U.S. at 678.

Despite liberally reading the Complaint, the Court cannot discern any other viable federal cause of action. Nor have Plaintiffs identified any. The Court therefore lacks federal question jurisdiction over this matter.

**iii. Supplemental Jurisdiction**

The Court notes that, because each of Plaintiffs' remaining claims arises exclusively under state law (*see, e.g.*, Compl.), and because both Plaintiffs and Defendant Warren are New Jersey residents (*id.* at 1–2, 5), the Court does not have original jurisdiction over them pursuant to 28 U.S.C. §§ 1331 or 1332. "Pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367, when a federal court has jurisdiction over a plaintiff's federal claims, the court may also exercise supplemental jurisdiction over the plaintiff's state law claims 'that are so related to [the plaintiff's

federal] claims . . . that they form part of the same case or controversy.'" *Troncone v. Velahos*, No. 10-cv-2961, 2011 WL 3236219, at *5 (D.N.J. July 28, 2011), *on reconsideration,* No. 10-cv-2961, 2012 WL 3018061 (D.N.J. July 23, 2012) (quoting 28 U.S.C. § 1367(a)). However, "[o]nce a federal court has dismissed all claims over which it has original jurisdiction, it should ordinarily decline to exercise supplemental jurisdiction over state law claims." *Livingston v. Shore Slurry Seal, Inc.*, 98 F. Supp. 2d 594, 602 (D.N.J. 2000) (collecting cases). Accordingly, having dismissed Plaintiff's lone federal cause of action for failure to state a claim, the Court would decline to exercise supplemental jurisdiction over Plaintiffs' remaining claims, and would dismiss them without prejudice to Plaintiff's ability to pursue them in state court.

Because this Court finds Plaintiffs have failed to establish subject matter jurisdiction, the Court does not address the Moving Defendants' other grounds for dismissal here.[8] Thus, the Insurance Defendants' Motions are **GRANTED** in part with respect to subject matter jurisdiction and what remains of those Motions, as well as Gregg's Motion, are **DENIED AS MOOT**.

## IV. CONCLUSION

For the foregoing reasons, the Insurance Defendants' Motions are **GRANTED** in part as to claims asserting lack of subject matter jurisdiction and **DENIED AS MOOT** in part as to the remaining arguments. Gregg's Motion is **DENIED AS MOOT**. Plaintiff's Complaint is **DISMISSED** *without prejudice*. Within 30 days, Plaintiffs may file an amended complaint that adequately establishes the basis for federal subject matter jurisdiction. Defendants may then respond in the ordinary course. Plaintiffs are advised that, if they fail to timely amend, the Court will close this matter. Similarly, if Plaintiffs file an amended pleading but that amendment fails

[8] Because the Court dismisses Plaintiffs' Complaint on the basis of lack of subject matter jurisdiction, it does not reach and need not address whether Plaintiffs adequately pled their state law claims such that they would survive dismissal under Rule 12(b)(6). *See Dickerson*, 2013 WL 1163483, at *1.

to demonstrate the propriety of federal subject matter jurisdiction, the Court will dismiss their pleading—without further opportunity for amendment—and without prejudice to their ability to pursue their state law claims in state court. An appropriate Order follows.

Dated: September 22, 2026

*s/Esther Salas*
**Esther Salas, U.S.D.J.**